*Philadelphia.*

*Saturday,*
January 4.

The Commonwealth *ex rel.* JOHNSON, a Negro, *against* HOLLOWAY.

A runaway slave from another state who is charged with fornication and bastardy in this Commonwealth, cannot be delivered over to his master, unless security be first given for the maintenance of the child.

The constitution of the United States does not exempt runaway slaves from the penal laws of any state in which they may happen to be.

## HABEAS CORPUS.

*David Johnson*, at whose instance the *habeas corpus* in this case was issued, was in custody of *Holloway*, keeper of the prison of *Philadelphia*, on two commitments by Judge *Badger:*—first as the runaway slave of Mr. *Levin Frazier* of *Dorchester* county, in the state of *Maryland;* second on a charge of fornication and bastardy.   On a hearing it appeared in evidence that he was the slave of Mr. *Frazier*, who had sent on an agent to receive him.

*Ewing*, for the relator, contended that the master could not take away a slave charged here with fornication and bastardy : and it had been so decided by Judge *Rush*, in the Quarter Sessions, in *November* 1816, in the case of *The Commonwealth* v. *Moses Campton* alias *Hawk:* and in another case, at *Nisi Prius*, before the Chief Justice, in 1814.

*S. Levy*, for the master, contended that a charge of fornication and bastardy was not sufficient ground to prevent the delivery of the slave to his owner.   The object of a prosecution for fornication and bastardy is the indemnity of the public ; but a slave, having no property, can pay nothing. The Constitution of the United States is peremptory that no laws or regulations of individual states shall annul the right of the owner to the labour or service of his slave who es-

capes, art. iv. § 2.   I grant that a slave may be detained and   1817.
punished for felony, but not for inferior offences.

The Com-
monwealth
ex rel.
JOHNSON,
a Negro,
v.
HOLLOWAY.

*Reply.* We do not dispute the fact of the relator being
a slave ; but if the master can take away the slave, the pub-
lic must support the children.   Fornication has always been
considered by our laws as a crime; and was formerly pun-
ished with whipping, unless the fine was paid.   There is no
distinction in favour of the slave between larceny and infe-
rior offences.   In larceny one part of the sentence is an
award of restitution.   The Constitution of the United States
only relates to laws of the several states on the subject of
slavery.

TILGHMAN C. J.   From the evidence which has been
given, we have no doubt of *David Johnson*'s being the slave
of Mr. *Frazier*, and there would be no objection to deliver-
ing him to his agent, who attends here for the purpose of
receiving him, but for the commitment for fornication and
bastardy.   Fornication has always been prosecuted in this
state as a crime.   By the law of 1705, it was subject to the
punishment of whipping, or a fine of 10 pounds, at the elec-
tion of the culprit.   The punishment of whipping has been
since abolished : but the act of fornication is still considered
as a crime ; and where it is accompanied with bastardy, se-
curity must be given to indemnify the county against the
expense of maintaining the child.   It may be hard on the
owner to give this security, or lose the service of his slave ;
but it is an inconvenience to which this kind of property is
unavoidably subject.   The child must be maintained ; and
it is more reasonable that the maintenance should be at the
expense of the person who has a right to the service of the
criminal, than at that of the people of this city, who have no
such right.

But it is objected, that by the Constitution of the United
States, (art. iv. § 2.) the slave is to be delivered up to his
master.   The constitution provides that " no person held to
" service or labour in one state, under the laws thereof, es-
" caping into another, shall in consequence of any law or
" regulation therein, *be discharged from such service or*
" *labour*, but shall be delivered up, on claim of the party, to
" whom such service or labour may be due."   This provision

1817.

The Commonwealth
ex rel.
JOHNSON,
a Negro,
v.
HOLLOWAY.

was intended to prevent any state from giving freedom by its laws to slaves who had run away from another state. But it is not to be construed so as to exempt slaves from the penal laws of any state in which they may happen to be. This would be to turn them loose on society like wild beasts; and was not at all the object of the constitution. Indeed, the counsel for Mr. *Frazier* does not contend that the slave is not subject to punishment for *felony*. But on what law does he found a distinction between felonies and crimes less than felony? These runaway slaves are often guilty of riots, violent assaults and batteries, and other offences, which, though not felonious, are dangerous to the peace of the commonwealth. It is necessary that they should be restrained by the fear of punishment; and since neither the Constitution of the United States, nor any law of this state, exempts them from punishment in any criminal case, we are bound to consider them as subject to prosecution in all criminal cases. It is my opinion, therefore, that the prisoner should be remanded to answer the charge of fornication and bastardy.

YEATES J. delivered an opinion concurring with the above.

GIBSON J. agreed that the slave should be subject to prosecution for the crime of fornication and bastardy; and that this Court cannot withdraw him from the prosecution by delivering him to his master.

Prisoner remanded.